UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICK BRATTON and DEREK SHELLEY, | ) ) ) | |
| Plaintiffs, | ) ) | 1:09-cv-1391-SEB-JMS |
| vs. | ) ) | |
| THE TOWN OF FORTVILLE, TOWN COUNCIL OF FORTVILLE. PHILLIP SCROGHAM, in his official capacity as Town Councillor, TAMMY GILBERT, in her official capacity as Town Councillor, SEAN SIMMONS, in his official capacity as Town Councillor, RON STAFFORD, individually and in his official capacity as Town Councillor, and JEFF RATLIFF, individually and in his official capacity as Town Councillor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTIONS TO DISMISS**

This matter brought pursuant to 42 U.S.C. § 1983 is before the Court on Defendants' motions to dismiss [Docket Nos. 24 & 26]. Defendants have been sued in their official and individual capacities for alleged violations of Plaintiffs' Fourteenth Amendment due process rights as well as on various state law claims.[1] Defendants seek the dismissal of the Complaint for its failure to state a claim of a violation of a federal

---

[1] The claims brought under Indiana law are for defamation, negligence and intentional infliction of emotional distress.

constitutional right and, alternatively, because they are entitled to qualified immunity. If the federal claims are dismissed, Defendants then seek to have the remaining state-law claims dismissed without prejudice. For the reasons explicated below, the motions to dismiss must and shall now be <u>granted</u>.

This dispute has arisen between Plaintiffs, Patrick Bratton and Derek Shelley, who are two police officers with the Town of Fortville, Indiana, and Defendants, Ron Stafford and Jeff Ratliff, who are two members of the five-member Town Council. The lawsuit has been framed against the Town, the Town Council, and each of the individual Council members.

In brief, the police officers allege that they have been harassed and disparaged and otherwise interfered with in the performance of their duties through the actions and words of the two Council members. We assume there are political differences among them, but these background explanations as to the motivations for the discord have not been provided either in the Complaint or in the briefing.

Defendant Ratliff is accused of following (as in tailing) the officers, of taking photos of them and their family members, of recording the license plate numbers of the officers' personal automobiles, of describing Shelley as corrupt, and of telling a supervisor of Shelly at another place of employment that Shelley was "not really a law enforcement officer under the laws of Indiana." (Complaint ¶¶ 20, 21, 24, 25 and 30)

Defendant Stafford is accused of derogatorily describing the officers, of having accused Shelley of perjury, of (somehow) having forced Shelley to disclose the identity of

a confidential informant, and of "calling into question" (whatever that means) Shelley's religious practices. (Complaint ¶¶ 23, 26, 27, 28)

Despite having filed a complaint with the town council pursuant to procedures outlined in the employee handbook, no investigation was initiated in response to these grievances. This lawsuit ensued.

## *Discussion*

### *I.     Standard of Review*

Defendants have filed two Motions to Dismiss, one directed toward Plaintiffs' claims against Defendants in their individual capacities, and another challenging the claims against Defendants in their official capacities. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). Id. A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. 544, 563 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so

long as the hypotheses are consistent with the complaint.")).  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

*II.    Section 1983*

To prevail under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."  Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (citing Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)).

Plaintiffs' claim is premised on the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Compl. ¶ 2.  The allegations in the Complaint fall into two categories, the first alleging excessive monitoring or interference with job duties, the second alleging "derogatory" statements Plaintiffs characterize as defamatory.  A plaintiff pleading a procedural due process violation must establish "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process."  Hudson v. City of Chicago, 374 F.3d 554, 559 (7th Cir. 2004) (quoting Buttitta v. City of Chicago, 9 F.3d 1198, 1201 (7th Cir. 1993)).

Plaintiffs' claims fail because they have not alleged a deprivation of any recognized property interest. "[T]o recover for a deprivation of a property interest, [the plaintiff] must show some economic loss from the [employer's] action, or at least establish an identifiable impact on his future income or economic benefits." Id. (citing Head v. Chicago Sch. Reform Bd. of Trustees, 225 F.3d 794, 803 (7th Cir. 2000)). "'Purely dignitary or otherwise nonpecuniary dimensions of employment' are not property interests protected by the due process clause of the Fourteenth Amendment." Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 530 (7th Cir. 2000) (quoting Swick v. City of Chicago, 11 F.3d 85, 87 (7th Cir. 1993)); cf. Herrnreiter v. Chicago Housing Authority, 315 F.3d 742, 744-45 (7th Cir. 2002).

Plaintiffs do not allege demotions, discipline, reduction in income, or loss of employment. Essentially, Plaintiffs have alleged "purely dignitary or otherwise nonpecuniary" injuries, all of which lie outside the protections of the Constitution. The only other relevant contentions, that Ratliff "endangered Bratton's and Shelley's lives" and that Stafford "misused his power," are conclusory and not supported by any plausible factual allegations. Plaintiffs' allegations relating to interference with job duties and monitoring are therefore legally and factually insufficient to withstand the pleading requirements articulated by the Supreme Court in Iqbal.

Plaintiffs also allege that Defendants made "derogatory" statements, conclusorily asserting that these statements were "defamatory." Defamation by a public official, by itself, is not actionable as a due process violation because injury to reputation alone is not

5

a liberty interest protected by the Fourteenth Amendment. Siegart v. Gilley, 500 U.S. 226, 233 (1991). Defamatory statements may be actionable when made in connection with an independent deprivation of a government employee's property interest, see Strasburger v. Board of Educ. Hardin County Comm. Unit School Dist. No. 1, 143 F.3d 351, 355 (7th Cir. 1998), but even that requires a showing that the defendants called into question the plaintiff's good name, reputation, honor or integrity in a way that made it "virtually impossible for the employee to find new employment in his chosen field." McMahon v. Kindlarski, 512 F.3d 983, 988 (7th Cir. 2008) (quoting Townsend v. Valas, 256 F.3d 661, 670 (7th Cir. 2001)).

Because the Complaint fails to allege the deprivation of a recognized property interest, Plaintiffs' defamation allegations are insufficient as a matter of law. Moreover, no allegation in the Complaint rises to a level that would make it "virtually impossible" for Plaintiffs to find new employment in the field. The allegations of defamation, including that Defendants "systematically harassed and defamed" plaintiffs, and that they "acted with deliberate indifference, harassed and defamed plaintiffs thereby making their workplace unsafe and hostile," are perfect illustrations of the types of implausible, conclusory allegations deemed insufficient under Rule 8 and Iqbal. For all of these reasons, Plaintiffs' procedural due process claims must and shall be dismissed.

Plaintiffs also plead violations of their substantive due process rights. Substantive due process protects citizens from the arbitrary exercise of government power. When a plaintiff asserts that a government entity or official has violated his right

to substantive due process, a reviewing court must ask whether the government has abused its power in a way that "shocks the conscience." Rochin v. California, 342 U.S. 165 (1952). Because of this demanding standard, the "scope of substantive due process is very limited." Tun v. Whitticker, 398 F.3d 899, 902 (7th Cir. 2005). As the Seventh Circuit held in Tun, "It is one thing to say that officials acted badly, even tortiously, but–and this is the essential point–it is quite another to say that their actions rise to the level of a constitutional violation." Id. at 903; see also Albright v. Oliver, 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.").

Plaintiffs' allegations simply do not rise to this level. The Supreme Court has made it abundantly clear that courts should be "reluctant to expand the concept of substantive due process," Collins v. City of Harker Heights, Texas, 503 U.S. 115, 125 (1992); Plaintiffs have given us no reason to depart from this guidance.[2]

For the foregoing reasons, the Complaint does not state a claim for the violation of any right remediable by Section 1983. Plaintiffs' claims pursuant to that provision must

---

[2] Furthermore, the rights that Plaintiffs assert have been violated, those of a public employee relating to treatment by his employer, are governed by the specific requirements of procedural due process and cannot be expanded by the generalized notion of substantive due process. See McKinney v. Pate, 20 F.3d 1550, 1553-59 (11 Cir. 1994) (*en banc*), *cert. denied*, 513 U.S. 1110 (1995); Albright v. Oliver, 510 U.S. 266, 273 (1994).

therefore be denied.[3]

### III.   *Qualified Immunity*

The individual Defendants, Stafford and Ratliff, have also invoked a qualified immunity defense to Plaintiffs' federal claims as an alternative basis for dismissal. The doctrine of qualified immunity protects government officials from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights reasonably knowable at the time of the conduct. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because qualified immunity is an *immunity from suit* rather than a mere defense to liability, it is properly assessed during the early stages of the litigation. See Purtell v. Mason, 527 F.3d 615, 621 (7th Cir. 2008).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court established a two-step method for lower courts to apply in determining qualified immunity. Under Saucier, a court must first decide whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and if the plaintiff satisfies this first step, the court next decides whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. Recently, the Supreme Court reconsidered this heretofore mandatory analytical sequence, concluding that, although the Saucier sequence is often appropriate, a

---

[3]In addition, Plaintiffs are not entitled to "plausibility discovery," which they request without any supporting rationale beyond that it would enable them to develop the facts more fully. The Supreme Court has clearly rejected the availability of such relief in a case such as this, where the plaintiff's allegations simply fail to state a plausible claim. See Twombly, 550 U.S. at 557-58; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

court is permitted to exercise discretion in deciding which prong of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case.  <u>Pearson v. Callahan</u>, 129 S.Ct. 808 (2009); <u>see also</u> <u>Gonzalez v. City of Elgin</u>, 578 F.3d 526, 540 (7th Cir. 2009).

Because, as discussed previously, <u>see</u> <u>supra</u> § II, Plaintiffs have not successfully asserted a violation of a federal constitutional right, application of the doctrine in this case conforms neatly to the traditional <u>Saucier</u> analytical sequence, and the first step is not met.  Furthermore, given this conclusion, it is equally clear that no such right protecting Plaintiffs was clearly established at the time, nor have Plaintiffs met their burden of "showing that there is 'a clearly analogous case establishing a right to be free from the specific conduct at issue' or that 'the conduct is so egregious that no reasonable person could have believed that ti would not violate clearly established rights.'" <u>Gonzalez</u>, 578 F.3d at 540 (quoting <u>Smith v. City of Chicago</u>, 242 F.3d 737, 742 (7th Cir. 2001)).  Accordingly, Defendants Stafford and Ratliff are protected, in their individual capacities, by qualified immunity, which provides an alternative entitlement to dismissal of Plaintiffs' Section 1983 claims against them.

### IV.   *Duplicative Claims*

An alternative basis for dismissal also applies to the claims against the Town Council members and the claims against the Town Council itself.  Those claims are duplicative of the claims against the Town of Fortville, which is named as a Defendant.

A claim against individuals in their official capacities is "in all respects other than name, to be treated as a suit against the [municipal] entity . . . for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citation omitted). Similarly, the claim against the Town Council is duplicative of the claim against the Town of Fortville. See Shoppell v. Schrader, 2009 WL 1886090, at *4 (N.D. Ind. 2009). Accordingly, because the Town of Fortville is the real party in interest here, the claims against the Town Council and the official-capacity claims against members of the Town Council shall be dismissed as duplicative of the claims against the Town of Fortville.

V.      *Municipal Liability*

Even if Plaintiffs had properly pleaded a constitutional violation at the hands of the individual Defendants, the Complaint fails to state a claim against the municipality Defendant because there is no *respondeat superior* nor vicarious liability for a governmental entity under Section 1983. Monel v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Rather, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." Graham, 473 U.S. at 166. Thus, the entity's "policy or custom" must have played a part in the violation of federal law before liability can be imposed. Id.; Billings v. Madison Metropolitan Sch. Dist., 259 F.3d 807, 817 (7th Cir. 2001) (holding that the establishment of municipal liability requires allegations of an express policy, a widespread practice, or a deprivation by a person with final policy-making authority). Plaintiffs' Complaint does

not support the existence of a constitutionally unsound policy or custom. Accordingly, there are no factual allegations supporting municipal liability against the Town of Fortville.

## VI.     *Supplemental State-Law Claims*

Because Plaintiffs' federal law claims are subject to dismissal, the only claims remaining in the Complaint are state-law claims for defamation, negligence, and intentional infliction of emotional distress. Supplemental jurisdiction of such claims may be declined where a court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir. 2001). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988). Thus, the "sensible presumption" is that if the federal claims drop out before trial, "the district court should relinquish jurisdiction over the state-law claims." Williams Electronics Games, Inc. v. Garrity, 479 F.3d 904, 907 (7th Cir. 2007). Consistent with these guidelines, because all of the federal claims are subject to dismissal, we shall relinquish jurisdiction over the remaining state-law claims, and those claims shall be dismissed without prejudice.

## VII.  *Conclusion*

For all of the foregoing reasons, Defendants' Motion to Dismiss [Docket No. 24] is <u>GRANTED</u>, and Defendants' Motion to Dismiss [Docket No. 26], is also <u>GRANTED</u>.

Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date:  06/02/2010

*[signature: Sarah Evans Barker]*

    SARAH EVANS BARKER, JUDGE
    United States District Court
    Southern District of Indiana

Copies to:

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Kathleen M. Sweeney
SCHEMBS SWEENEY LAW
ksween@gmail.com


Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com